UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM S. OLIVER,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-104

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

# REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT (DOC. 10) BE DENIED

---

This Social Security disability case is before the Court on *pro se* Plaintiff's motion for a default judgment, filed on June 12, 2017. Doc. 10. Plaintiff initiated this case by moving to proceed *in forma pauperis* ("IFP") on March 29, 2017. Doc. 1. Plaintiff's motion to proceed IFP was granted on March 30, 2017, and his complaint was separately filed on that date. *See* doc. 3. Subsequently, the Commissioner was served on April 7, 2017, making the Commissioner's answer date June 6, 2017. Doc. 6; *see also* Fed. R. Civ. P. 12(a)(2).

On June 6, 2017, the Commissioner filed the first certified administrative record (doc. 7), but did not file a separate answer. *Pro se* Plaintiff, without having sought an entry of default, now moves for a default judgment arguing that, pursuant to Fed. R. Civ. P. 55, a default judgment is proper as a result of the Commissioner's failure to file an answer. *See* doc. 10 at PageID 1002. *Pro se* Plaintiff's motion for a default judgment is not well-taken for several reasons.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

First, even assuming, *arguendo*, that the Commissioner "has failed to plead or otherwise defend," *see* Fed. R. Civ. P. 55, *pro se* Plaintiff's motion for a default judgment is premature in the absence of *pro se* Plaintiff having first sought an entry of default. *See* Fed. R. Civ. P. 55(a); *see also Ross v. Teleperformance USA, Inc.*, No. 3:13CV00038, 2014 WL 99413, at *1 (S.D. Ohio Jan. 9, 2014) (noting that Rule 55 "provides for a two-step process in obtaining a default against a defendant who has failed to plead or otherwise defend"; namely, first "request[ing] from the Clerk of Court an entry of default" and, second, after "receiving an entry of default . . . mov[ing] the Court for a default judgment").

Second, again assuming, *arguendo*, that the Commissioner "has failed to plead or otherwise defend," when moving for a default judgment against an agency of the United States -- such as the Social Security Administration -- a default judgment is appropriate only if the plaintiff "establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Here, *pro se* Plaintiff has not pointed to any evidence or presented any developed argument sufficient to support his claim or his right to the relief sought at this time. *See* doc. 10; *see also Sherrills v. Berryhill*, No. 1:17-CV-0030, 2017 WL 1399988, at *3 (N.D. Ohio Apr. 4, 2017), *report and recommendation adopted sub nom. Sherrills v. Comm'r of Soc. Sec., No.* 1:17 CV 30, 2017 WL 1387173 (N.D. Ohio Apr. 18, 2017). *Pro se* Plaintiff will, however, have an opportunity to present arguments and cite to the administrative record in his Statement of Errors.

Finally, contrary to *pro se* Plaintiff's assertion, the Commissioner has not "failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). Under the Local Rules of Court, the Commissioner's filing of the certified administrative record -- which the Commissioner filed in

this case on June 6, 2017 -- "shall serve as the answer." S.D. Ohio Local Rule 8.1(a).[2] Accordingly, the Commissioner is not in default under Rule 55.

Based upon all of the foregoing, the undersigned **RECOMMENDS** that Plaintiff's motion for a default judgment (doc. 10) be **DENIED**.


Date:  June 12, 2017                                s/ Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge

---

[2] Local Rule 8.1(a) states that, "[i]n all Social Security cases filed under 42 U.S.C. § 405(g) or 42 U.S.C. § 1383(c)(3), the defendant must file and serve on the plaintiff a certified copy of the administrative record within sixty days after service of the complaint, which copy shall serve as the answer."  The Local Rules of the Court may be found online at http://www.ohsd.uscourts.gov/Local-Rules.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).